BAKER, J.
This matter comes before this court on appellant Jerry Louie’s Motion for Reconsideration of the Opinion and Order of this court filed December 1, 2015. Appellant is represented by Tribal Spokesperson Mark J. Carroll. Appellee is represented by Tribal Spokesperson Timothy H. McLaughlin. The Motion for Reconsideration was timely faxed, filed and served. CTFC’s Response to the motion was also timely. This court has fully reviewed these pleadings of the parties in accordance with CTC § 1-2-124 which provides for there to be no reply brief or oral *162 arguments on such motions, unless otherwise ordered by the Court of Appeals.
The court is now fully advised with respect to Louie’s Motion for Reconsideration and finds that a reply brief would not be helpful to the Court of Appeals, and that oral argument is also unnecessary.

1.Mr. Louie was afforded Dm Process Before the Tribal Court.

Mr. Louie is correct that we did not directly address his argument that he was denied a “hearing” and thus due process of law in the Tribal Court, and for this we apologize. Let us expressly address the issue now.
As we explained fully in the course of our Opinion and Order, the decision of a tribunal without hearing oral argument on an issue not necessarily a denial of a “hearing” or in turn due process. The point is that the parties must be allowed an opportunity to weigh in fully on the issues being decided. In this case, our review of the Tribal Court pleadings, as well as the Judge’s lengthy decision indicates that Mr. Louie, through counsel, was allowed to brief all of the issues he wished to raise, and the Tribal Court decided the case based entirely on issues of law. Similarly to the way the Administrative Hearing Officer (“AHO”) handled a pretrial motion—a procedure of which we approved— full briefing was allowed and obviously considered, as evidenced by the Tribal Court Judge’s written order. And while it is true that an evidentiary hearing was not held in Tribal Court, we have already pointed out that no such hearing is appropriate in this kind of case, at least under the circumstances of this case, which involved a full-fledged evidentiary hearing before the AHO. We will not repeat these reasons here, but suffice it to say that we adopt the same reasoning as set forth in Part IV.B.2 of our Opinion and Order in concluding that no due process violation occurs when, equally in the Tribal Court as in the administrative hearing setting, the parties have a full opportunity to express them arguments on a legal issue or issues through their briefing.
2. Mr. Louie Was Bound by His Agreement to Be Subject to CTFC’s Employee Policy Manual, Which Allows No Direct Appeal under the Tribes’ Administrative Procedures Act.
We have addressed this issue at pages 10, 11, and 15-16 of our Opinion and Order. We agree with CTFC that, although the Supplementary Procedures may not have been adopted as contemplated in the Employee Policy Manual (“EPM”), the procedures in that regard were of no consequence in this particular case. Under the EPM, there is simply no direct appeal to Tribal Court from an AHO’s decision terminating a CTFC employee; the Tribes’ Administrative Procedures Act does not apply to CTFC employees. See CTFC’s Response to Louie’s Motion for Reconsideration, at 2-3 (Part II of Response).
3. The Lack of a Complete Recording of the Administrative Hearing(s) Does Not Entitle Mr. Louie to Relief Before the Tribal Court or this Court.
We emphasize that, in the circumstances of this case, where Mr. Louie was obviously afforded due process before the AHO, and where he makes no particularized challenges to the AHO’s findings of fact or conclusions of law (see discussion, infra), the lack of a full recording does not implicate due process or entitle Mr. Louie to a new hearing.
*163 4. A Generalized Challenge of “All Findings of Fact” and “the Entire Order” Is Not Adequate for Purposes of Appellate Revieiv.
Mr. Louie, in his Motion for Reconsideration, argues that a challenge to the AHO’s order in its entirety, without specific challenges to findings of fact or conclusions of law, entitles him to challenge any and all of the findings and conclusions at this level of review. But this reasoning ignores Court of Appeals Rule 17(1) which requires particularized challenges on motions for reconsideration, which has not been done. Moreover, we find the reasoning in the Washington case of McCoy v. Kent Nursery, Inc., 163 Wash.App. 744, 260 P.3d 967 (2011), to be persuasive. Indeed, as explained at 163 Wash.App. at page 766, 260 P.3d 967, appellate courts have no business resolving issues of credibility; that is for the tribunal before whom testimony was given to do. The AHO clearly did that, despite our criticism of the way she phrased some of her findings of fact. And, as we pointed out in our Opinion and Order, at page 24, note 23, Mr. Louie made no challenge to the sufficiency of the evidence in how the AHO resolved credibility issues.
We therefore find no basis for a reconsideration of our Opinion and Order affirming the Tribal Court, albeit for perhaps different reasons than those cited by the Tribal Court Judge. Accordingly, we enter the following:
ORDER
Mr. Louie’s Motion for Reconsideration is hereby Denied.